# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
GLORIA MANUEL,                   *
                                 *      No. 17-1159V
                 Petitioner,     *      Special Master Christian J. Moran
                                 *
v.                               *      Filed: December 23, 2019
                                 *
SECRETARY OF HEALTH              *      Attorneys' Fees and Costs
AND HUMAN SERVICES,              *
                                 *
                 Respondent.     *
* * * * * * * * * * * * * * * * * * * * ** *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 18, 2019, petitioner Gloria Manuel moved for final attorneys' fees and costs. She is awarded **$19,273.97**.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\*      \*      \*

On August 28, 2017, Gloria Manuel filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza vaccine she received on November 3, 2015, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer a shoulder injury related to vaccination administration. Petitioner further alleged that she suffered the residual effects of this injury for more than six months. On September 6, 2019, the parties filed a stipulation, which the undersigned adopted as his Decision awarding compensation on September 16, 2019.

On September 18, 2019, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $19,591.50 and attorneys' costs of $492.47 for a total request of $20,083.97. Fees App. at 1. Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation. Id. at 3. On October 2, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*      \*      \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because

the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 Petitioner requests the following rates for the work of her attorney, Mr. Andrew Downing: $375.00 per hour for work performed in 2017 and $385.00 per hour for work performed in 2018-2019. Petitioner also requests paralegal rates of $135.00 per hour for all work performed. These rates are consistent with rates previously awarded to petitioner's counsel and his staff. See, e.g., Butler v. Sec'y of Health & Human Servs., No. 16-1027V, 2019 WL 1716073, at *2 (Fed. Cl. Spec. Mstr. Mar. 20, 2019); Carey on behalf of C.C. v. Sec'y of Health & Human Servs., No. 16-828V, 2018 WL 1559805, at *6 (Fed. Cl. Spec. Mstr. Feb. 26, 2018); Bales on behalf of J.B.A. v. Sec'y of Health & Human Servs., No. 15-882V, 2017 WL 2243094, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 26, 2017). The undersigned finds these rates to be reasonable for the instant case as well and shall award them herein.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds the billed hours to be largely reasonable, with the only reduction due to excessive

paralegal time billed. The billing records indicate that paralegal Danielle P. Avery consistently billed excessive amounts time to complete routine tasks – examples include 0.3 hours to file a notice of filing and exhibit and review the automatically generated CMECF notification for the filing and 0.2 hours to review all filings regardless of substance or complexity,[2] and 0.1 hours to review minute entries. This is not the first time Mr. Downing has been warned about this issue. See Goff v. Sec'y of Health & Human Servs., No. 17-259V, 2019 WL 3409976, at *4 (Fed. Cl. Spec. Mstr. Mar. 29, 2019); Sheridan v. Sec'y of Health & Human Servs., No. 17-669V, 2019 WL 948371, at *3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); Moran v. Sec'y of Health & Human Servs., No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). The undersigned will therefore reduce the total amount billed by Ms. Avery by 30%, resulting in a reduction of **$810.00**. Petitioner is therefore awarded final attorneys' fees of **$18,781.50**.

### C.      Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $492.47 in costs, comprised of acquiring medical records, postage, and the Court's filing fee. Fees App. at 18. These costs are typical of Vaccine Program litigation and petitioner has provided adequate documentation to support them. Respondent has not identified any of the costs as objectionable, and the undersigned finds them to be reasonable. Accordingly, petitioner is entitled to the full amount of costs sought.

### E.      Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$19,273.97** (representing $18,781.50 in attorneys' fees and $492.47 in attorneys' costs) as a lump sum in the

---

[2] For example, Ms. Avery billed 0.2 hours to "Receive and review Respondent's Rule 49(c) report", a 13-page detailed legal document, and 0.2 hours to "Receive and review Court's Notice of Reassignment to Special Master Christian J. Moran", a one-sentence order requiring no substantive action from the parties. Fees App. at 14. That an equal amount of time was billed on review of two decidedly unequal documents underscores the superficiality of the review, making 12 minutes an excessive amount of time for such review.

form of a check jointly payable to petitioner and petitioner's counsel, Mr. Andrew Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.